# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **WILLIAM JEFFREY BRICKER,** | ) | **CASE NO.1:06CV1082** |
| **EXECUTOR OF THE ESTATE OF** | ) | |
| **WILLIAM H. BRICKER,** | ) | |
| | ) | |
| **Appellant,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **THE OFFICIAL COMMITTEE OF** | ) | **OPINION AND ORDER** |
| **ADMINISTRATIVE CLAIMANTS** | ) | |
| | ) | |
| **Appellee.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Appeal of Appellant William Jeffrey Bricker, Executor for the Estate of William H. Bricker ("Bricker") of the Bankruptcy Court's oral ruling denying Appellant's Motion to Dissolve The Official Committee of Administrative Claimants ("ACC"). For the following reasons, the Court finds Appellant has not appealed a final order of the Bankruptcy Court and declines to exercise its authority to entertain an interlocutory appeal as adjudication of the appeal will not ultimately advance the termination of litigation.

## FACTS

These proceedings stem from the ongoing bankruptcy proceedings of LTV Steel Corporation. In February 2003, the U.S. Trustee appointed the ACC as statutory representative of economic stakeholders in the LTV Steel bankruptcy case comprised of post-bankruptcy

1

administrative claimants.  In May 2004, the ACC demanded LTV bring suit against certain

unidentified former officers and directors, which LTV subsequently declined.   William H.

Bricker was a former CEO and Chairman of LTV Steel. In September of 2005, the Bankruptcy

Court issued a Standing Order ("Standing Order") authorizing the ACC to pursue claims against

former officers and directors of LTV Steel.  Bricker was named as a defendant in a suit filed by

Appellees in United States District Court, Northern District of Ohio, Case No. 1:05CV2158,

filed September 13, 2005.   Appellees contend former officers and directors of LTV Steel are

personally liable for damages resulting from their delay in shutting down LTV. When Mr.

Bricker submitted a request to LTV to fund his defense, LTV instructed Mr. Bricker it could not

due to its insolvency and instructed him to file an administrative claim which Mr. Bricker did on

March 10, 2006. On March 9, 2006, Mr. Bricker joined with other former officers and directors

of LTV  in a motion to dissolve the ACC.  On March 7, 2006, Mr. Bricker died. In a March 28,

2006 oral ruling and subsequent written opinion of May 12, 2006, the Bankruptcy Court denied

Appellant's Motion to dissolve the ACC.  On May 2, 2006, Mr. Bricker's counsel filed this

appeal of the Bankruptcy Court's March 28, 2006 oral ruling.

## STANDARD OF REVIEW

### 28 U.S.C. § 158(a)

Because  Bricker wants to appeal the March 28, 2006 oral ruling of the Bankruptcy

Court, he must establish that this Court has appellate jurisdiction to hear the appeal pursuant to

28 U.S.C. § 158(a).  The statute provides as follows:

(a)     The district courts of the United States shall have jurisdiction to hear appeals
        (1)     from final judgments, orders, and decrees;
        (2)     [omitted], as n/a.
        (3)     with leave of the court, from other interlocutory orders and decrees.

Bricker must show that either sections one or three are met in order for this Court to have appellate jurisdiction to hear the appeal.

Federal Rules of Bankruptcy Procedure 8001states:

(a) Appeal as of right; how taken

An appeal from a judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel as permitted by 28 U.S.C. 158(a)(1) or (a)(2) shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002. An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal. The notice of appeal shall (1) conform substantially to the appropriate Official Form, (2) contain the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys, and (3) be accompanied by the prescribed fee. Each appellant shall file a sufficient number of copies of the notice of appeal to enable the clerk to comply promptly with Rule 8004.

(b) Appeal by leave; how taken

An appeal from an interlocutory judgment, order, or decree of a bankruptcy judge as permitted by 28 U.S.C. 158(a)(3) shall be taken by filing a notice of appeal, as prescribed in subdivision (a) of this rule, accompanied by a motion for leave to appeal prepared in accordance with Rule 8003 and with proof of service in accordance with Rule 8008.

## **Finality Rule**

Courts have defined a "final" judgment as a decision that "ends the litigation on its merits and leaves nothing for the court to do but execute the judgment." *In re Sun Valley Foods Co.*, 801 F.2d 186, 189 (6th Cir. 1986) (quoting *Catlin v. United States,* 324 U.S. 229, 233 (1945)). There must have been "a final determination of the rights of the parties to secure the relief they seek in [the] suit." *In re Tile Outlet, Inc.,* 2006 U.S. Dist. LEXIS 44130, *11 (S.D. Tex. 2006).

The finality rule is applied in a more pragmatic manner in bankruptcy cases. *Dow Corning Corp.*, 86 F.3d 482, 488 (6th Cir. 1996).  Therefore, orders that could be considered interlocutory may be appealable in the bankruptcy context.  *Id.*  The general rule is "where an

3

order in a bankruptcy case 'finally dispose[s] of discrete disputes within the larger case,' it may be appealed immediately." *Id.* (quoting *In re Saco Local Dev. Corp.*, 711 F.2d 441, 444 (1st Cir. 1983)). The court in *Dow Corning* found that a transfer order in a bankruptcy case was immediately appealable. *Id.*

In the present case, no discrete dispute has been decided. The Bankruptcy Court's oral ruling only denied Bricker's attempt to dissolve the ACC, in effect, affirming the ACC's right to represent unsecured creditors with administrative claims. The Appellant never challenged the creation of the ACC. Pursuant to its Standing Order of September 2005, the Bankruptcy Court then allowed the ACC to pursue claims on behalf of LTV. Bricker has not appealed the Standing Order authorizing the ACC to sue former directors and officers. A Bankruptcy Court order must "conclusively determine substantive rights" in order to be considered final. *See In re Delta Servs. Indus.,* 782 F.2d 1267, 1270 (5th Cir. 1986). No substantive rights have been determined by the Bankruptcy Court's oral ruling. The oral ruling was purely procedural and it only affirmed the right of the ACC to continue to represent claimants. According to *In re Delta*, an order is interlocutory, and therefore unappealable, if it is only "a preliminary step in some phase of the bankruptcy proceeding [and does] not directly affect the disposition of the estate's assets." *Id.* This is exactly the case here.

Also, this Court has previously noted in similar litigation that orders are not "final" if they only allow litigation to move forward in another forum. *See, e.g., Isabel Romeu VDA, de Fuertes v. Drexel, Burnham, Lambert, Inc.,* 855 F.2d 10, 11 (1st Cir. 1988); *Connelly v. Shatkin Inv. Corp.,* 57 B.R. 794, 795-97 (N.D. Ill. 1986); *America Healthcare Group, Inc. v. Melillo*, 233 B.R. 70, 72-73 (E.D.N.Y. 1998). Here, the Bankruptcy Court's oral ruling merely affirms the

4

right of the ACC to continue to represent administrative claimants.  There do not seem to be, nor does Bricker point out, any analogous cases where an oral ruling, similar to the one in this case, was considered final.  Furthermore, though Bricker's appeal was consolidated at the appellate court level with the appeal of similar officers and directors of LTV, the consolidation does not abrogate Bricker's obligation to file a notice of appeal of the Bankruptcy Court's written opinion of May 12, 2006. The Court notes Bricker's fellow appellants separately appealed both the oral ruling and the written opinion, which Bricker did not. Therefore, Bricker has only appealed the oral ruling which cannot be construed as a final order when Bricker, by his own admission, was informed at the oral ruling that a written opinion on the denial of his motion to dissolve the administrative committee would be issued.

This Court has previously held the case of *In re Tile* to be analogous to the situation presently before this Court.  In *In re Tile,* a bankruptcy court authorized a debtor's unsecured creditor's committee to pursue litigation on behalf of the bankruptcy estate.  The court held that the bankruptcy court's standing order was not final because "[t]he issue of whether the Committee has standing is not the discrete judicial unit" as required by 28 U.S.C. § 158.  *In re Tile, supra* at *14-15; *See also In re Adelphia Comm. Corp.*, 2006 U.S. Dist. LEXIS 29741, *4-5 (S.D.N.Y. 2006) (holding that a bankruptcy court's standing order was not final because it did not finally dispose of discrete disputes within the larger case).


**"Collateral Order" doctrine as an exception to the finality rule**

The requirement of finality has a limited exception called the "collateral order" doctrine. Under the "collateral order" doctrine, an order, not normally seen as final, would be considered

5

final for appeal purposes.  The appellant would have to show the order "(1) conclusively determines the disputed question; (2) resolves an important question completely separate from the merits of the action; and (3) is effectively unreviewable on appeal from final judgment." *WCI Steel, Inc. v. Wilmington Trust Co.*, 2005 U.S. Dist. LEXIS 20943, at *26-27 (N.D. Ohio 2005); *In re Westwood Shake and Shingle, Inc.*, 971 F.2d 387, 390 (9th Cir. 1992).  There can be no appeal if the appeal does not meet all three of the requirements.  *Rauscher Pierce Refsnes, Inc. v. Birenbaum*, 860 F.2d 169, 171 (5th Cir. 1988).  "Collateral order" is a very rare exception to the finality rule, and all doubts should be resolved in favor of nonappealability.  *In re PHM Credit Corp.*, 99 B.R. 762, 765 (E.D. Mich. 1989).  The United States Supreme Court has said that only a "narrow class of decisions satisfy [the requirements]."  *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994).

The oral ruling does not conclusively determine Bricker's liability.  In fact, the oral ruling, as docketed, merely states, "Motion Denied".  The Court cannot state that a mere two word ruling conclusively determined the disputed question.  The denial of Appellant's motion permitted the ACC to continue to represent administrative claimants.  Therefore, Appellant has failed to demonstrate the first prong of *WCI Steel*.

Also, the oral ruling is not effectively unreviewable absent an appeal.  In *WCI Steel, Inc.*, *supra* at *30, the Court held that "[t]he irreparable harm contemplated by the collateral order doctrine is that which results from 'trial court orders affecting rights that will be irretrievably lost in the absence of an immediate appeal."  Just because Bricker must defend against the underlying lawsuit filed by the ACC, does not mean that he is irreparably harmed.  *See, e.g., Richardson-Merrell Inc. v. Koller*, 472 U.S. 424, 436 (1985).  The "collateral order" doctrine is

6

designed to address trial court orders "affecting rights that will be irretrievably lost in the absence of an immediate appeal." *In re Adelphia*, *supra* at *5. Bricker's rights will not be irretrievably lost; in fact, he can present all his defenses and file a Motion to Dismiss in the litigation the ACC has brought against him. The "collateral order" doctrine is not designed for this kind of situation.     This Court must reiterate that Appellant has not appealed the order appointing the ACC, nor has Appellant appealed the Standing Order permitting the derivative suit by the ACC against Appellant. Appellant attempts to appeal these orders indirectly through its appeal of the motion to dissolve the ACC filed years after the order authorizing the ACC.

**Interlocutory Appeals**

Part three of 28 U.S.C. § 158(a) allows district courts to hear appeals "with leave of the court, from other interlocutory orders and decrees." However, interlocutory appeals are very rarely permitted and generally only in extraordinary circumstances. *In re Huff*, 1998 U.S. Dist. LEXIS 2452 at *4 (W.D. Mich. 1998). Specifically, if there are any doubts whether an interlocutory appeal is allowed, the question is resolved in favor of finding the order non-appealable. *United States v. Stone*, 53 F.3d 141, 143-144 (6th Cir. 1995).

28 U.S.C. § 158(a)(3) governs bankruptcy appeals in federal district courts. However, since that statute does not list any factors to determine whether an interlocutory appeal is appropriate, courts must use 28 U.S.C. § 1292(b) by analogy. This statute governs interlocutory appeals to federal courts of appeals from district court orders. The statute specifies factors to determine when interlocutory appeals are appropriate.

Section 1292(b) provides the following:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a

7

> controlling question of law as to which there is substantial ground for difference
> of opinion and that an immediate appeal from the order may materially advance
> the ultimate termination of the litigation, he shall so state in writing in such order.

(The Court notes that Appellant has failed to file a motion for leave to file an interlocutory appeal as required under Fed. R. Bank. P. 8003.[1])  "The decision regarding a motion for leave is a matter within the full discretion of the court and should only be granted in exceptional or extraordinary situations."  *In re Big Rivers Electric Corp.,* 266 B.R. 100, 104 (W.D. Ky. 2000).

Orders which are purely procedural or ministerial do not satisfy the interlocutory test. *Lovelace v. Rockingham Mem. Hosp.*, 299 F. Supp. 2d 617, 623 (W.D. Va. 2004). Here, there has been no determination, in writing, by the Bankruptcy Court that an immediate appeal of its oral ruling will materially advance the ultimate termination of the litigation.  In fact, Appellant's Merit Brief at page 6 states when the ACC approached LTV to bring suit against the directors and officers, "LTV Steel concluded that many of the claims the ACC sought to assert were, in fact, claims belonging to individual members of the ACC".  The Court has no evidence this appeal will materially advance the termination of litigation, nor has the Bankruptcy Court offered an opinion this appeal will advance the termination of litigation. Therefore, this Court's decision on the appeal of the denial of the Motion to Dissolve will not materially advance the ultimate termination of the litigation, as the claims asserted by the ACC may be asserted by individual claimants.

---

[1]  The Court will deem the motion for leave filed pursuant to Rule 8003. Fed. Rules of Bankruptcy Procedure 8003 states: (c) Appeal improperly taken regarded as a motion for leave to appeal

If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court or bankruptcy appellate panel may grant leave to appeal or direct that a motion for leave to appeal be filed. The district court or the bankruptcy appellate panel may also deny leave to appeal but in so doing shall consider the notice of appeal as a motion for leave to appeal. Unless an order directing that a motion for leave to appeal be filed provides otherwise, the motion shall be filed within 10 days of entry of the order.

Therefore, the Court finds Appellant has not appealed a final order of the Bankruptcy Court, nor has it appealed a collateral order. Finally, the Court declines to hear the interlocutory appeal as it will not advance the ultimate termination of litigation.

IT IS SO ORDERED.

DATE: March 28, 2007

 s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge